Case Nos. 12-56067, 12-56068, 12-56077 (Consolidated)
_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

ESTATE OF ROBERT GRAHAM *et al.*,

*Plaintiffs-Appellants,*

versus

SOTHEBY'S, INC.,

*Defendant-Appellee.*

_____

THE SAM FRANCIS FOUNDATION *et al.*,

*Plaintiffs-Appellants,*

versus

CHRISTIE'S, INC.,

*Defendant-Appellee.*

_____

THE SAM FRANCIS FOUNDATION *et al.*,

*Plaintiffs-Appellants,*

versus

EBAY INC.,

*Defendant-Appellee.*

_____

On Appeal From the United States District Court, Central District of
California, Case Nos. CV 11-8604 JHN (FFMx), CV 11-8605 JHN (FFMx),
CV 11-8622 JHN (PLAx)
The Honorable Jacqueline H. Nguyen
_____

# DEFENDANT-APPELLEE EBAY INC.'S ANSWERING BRIEF
_____

COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
JOSHUA M. SIEGEL (jsiegel@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000 (telephone)
(650) 849-7400 (facsimile)

MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111
(415) 693-2000 (telephone)
(415) 693-2222 (facsimile)

*Attorneys for Defendant-Appellee*
eBay Inc.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT

INTRODUCTION ............................................................................... 1

ISSUES PRESENTED ........................................................................ 5

STATEMENT OF RELEVANT FACTS ............................................ 5

I.   The California Resale Royalty Act ........................................ 5

II.  The Parties ........................................................................... 8

     A.   eBay ............................................................................. 8

     B.   Plaintiffs-Appellants ................................................. 11

III. Plaintiffs' Allegations ........................................................ 11

IV.  The District Court's Dismissal Order ................................. 13

SUMMARY OF THE ARGUMENT ................................................ 16

ARGUMENT .................................................................................... 18

I.   Standard of Review ............................................................. 18

II.  Legal Standards Governing eBay's Motion To Dismiss .... 20

III. The CRRA Claim Was Properly Dismissed With Prejudice ............. 21

     A.   The CRRA Imposes No Obligations on eBay ......... 21

          1.   eBay is not a "seller" of fine art ..................... 22

          2.   eBay is not a seller's "agent" ......................... 29

          3.   Application of the CRRA to eBay does not make
               sense as eBay cannot "withhold" the five percent
               royalty from sales proceeds that it never receives or
               holds ........................................................... 36

     B.   The CRRA Violates the Commerce Clause of the United
          States Constitution ................................................... 39

          1.   The CRRA impermissibly regulates interstate
               commerce ..................................................... 39

# TABLE OF CONTENTS
## (continued)

**Page**

    2.    The CRRA cannot be upheld as a tax law ...................... 42

    3.    The district court correctly ruled that the CRRA's extraterritorial provisions cannot be severed.................. 45

    C.    The CRRA Is Preempted by the Copyright Act of 1976 .......... 46

IV.    Plaintiffs' UCL Claim Was Properly Dismissed With Prejudice as It Is Purely Derivative of Their Defective CRRA Claim................ 49

CONCLUSION.............................................................................................. 50

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................ 20, 28, 29, 35

*Ashwander v. Tenn. Valley Auth.*,
   297 U.S. 288 (1936)............................................................... 19

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................... 20

*Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*,
   474 F.3d 365 (6th Cir. 2007) .....................................................47

*Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*,
   476 U.S. 573 (1986)............................................................... 14

*Buckley v. Valeo*,
   424 U.S. 1 (1976) (*per curiam*) ............................................... 16

*Butler v. eBay, Inc.*,
   No. 5:06-cv-02704-JW (N.D. Cal. Dec. 12, 2006)................................. 26

*Cmty for Creative Non-Violence v. Reid*,
   490 U.S. 730 (1989)............................................................... 47

*Complete Auto Transit, Inc. v. Brady*,
   430 U.S. 274 (1977)...............................................................44

*Cooley v. Board of Wardens*,
   12 How. 299 (1852)............................................................... 39

*Doe v. Nestle, S.A.*,
   748 F. Supp. 2d 1057 (C.D. Cal. 2010).........................................35

iii.

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Erie R.R. Co. v. Tompkins*,
  304 U.S. 64 (1938)................................................................. 20

*Ewert v. eBay, Inc.*,
  No. C-07-02198 RMW, 2008 WL 906162 (N.D. Cal. Mar. 31,
  2008) ................................................................... passim

*Faulkner v. ADT Sec. Servs., Inc.*,
  706 F.3d 1017 (9th Cir. 2013) ................................................. 18

*Garlock Sealing Tech. LLC v. NAK Sealing Tech. Corp.*,
  148 Cal. App. 4th 937 (2007) ................................................. 30

*Gemtel Corp. v. Cmty Redev. Agency*,
  23 F.3d 1542 (9th Cir. 1994) ................................................. 19

*Gentry v. eBay, Inc.*,
  99 Cal. App. 4th 816 (2002) ........................................... 26, 33

*Great Atl. & Pac. Tea Co., Inc. v. Cottrell*,
  424 U.S. 366 (1976)................................................................. 39

*Hartmann v. Cal. Dept. of Corrections and Rehab.*,
  707 F.3d 1114 (9th Cir 2013) ................................................. 21

*Healy v. Beer Inst., Inc.*,
  491 U.S. 324 (1989)........................................................ 15, 40

*Hillis v. Heineman*,
  626 F.3d 1014 (9th Cir. 2010) ................................................. 43

*Hotel Employees & Restaurant Employees Int'l Union v. Davis*,
  21 Cal. 4th 585 (Cal. 1999) ................................................. 46

*H.S. Crocker Co. v. McFaddin*,
  148 Cal. App. 2d 639 (1957) ................................................. 23

# TABLE OF AUTHORITIES
## (continued)

**Page**

*ING Bank, FSB v. Chang Seob Ahn*,
   758 F. Supp. 2d 936 (N.D. Cal. 2010)..................................................30, 31

*Jajco, Inc. v. Leader Drug Stores, Inc.*,
   2013 WL 875957 (N.D. Cal. Mar. 7, 2013) ............................................35

*Kirtsaeng v. John Wiley & Sons, Inc.*,
   133 S. Ct. 1351 (2013).......................................................................47, 49

*Life Ins. Co. of N.A. v. Reichardt*,
   591 F.2d 499 (9th Cir. 1979) .................................................................. 20

*Lonely Maiden Prods. v. Goldentree Asset Mgmt, LP*,
   201 Cal. App. 4th 368 (2011) ................................................................. 32

*Metro Publ'g, Ltd. v. San Jose Mercury News, Inc.*,
   861 F. Supp. 870 (N.D. Cal. 1994)......................................................... 50

*Miller Bros. Co. v. Maryland*,
   347 U.S. 340 (1954)................................................................................ 44

*Miller v. London Props.*,
   No. F058531, 2010 WL 3312636 (Cal. Ct. App. Aug. 24, 2010)......30, 31

*Montalvo v. Spirit Airlines*,
   508 F.3d 464 (9th Cir. 2007) .................................................................. 49

*Morseburg v. Balyon*,
   621 F.2d 927 (9th Cir. 1980) .................................................................. 49

*Nat'l Collegiate Athletic Ass'n v. Miller*,
   10 F.3d 633 (9th Cir. 1993) .........................................................15, 41, 45

*Nat'l Fed'n of Indep. Bus. v. Sebelius*,
   132 S. Ct. 2566 (2012)............................................................................ 43

# TABLE OF AUTHORITIES
## (continued)

Page

*Nat'l Geographic Soc'y v. Cal. Bd. of Equalization*,
  430 U.S. 551 (1977) ........................................................... 43, 44

*Palomares v. Bear Sterns Residential Mortg. Corp.*,
  No. CV 07-1899 WQH (BLM), 2008 WL 686683 (S.D. Cal.
  Mar. 13, 2008) ...................................................................... 30

*Parfums Givenchy, Inc. v. C&C Beauty Sales, Inc.*,
  832 F. Supp. 1378 (C.D. Cal. 1993) ....................................... 48

*Pinter v. Dahl*,
  486 U.S. 622 (1988) ............................................................... 24

*Quality King Distribs., Inc. v. L'anza Research Int'l, Inc.*,
  523 U.S. 135, 118 S. Ct. 1125, 140 L. Ed. 2d 254 (1998) ............... 47, 49

*Rescue Army v. Municipal Court of L.A.*,
  331 U.S. 549 (1947) ............................................................... 19

*In re Rigel Pharms., Inc. Sec. Litig.*,
  697 F.3d 869 (9th Cir. 2012) .................................................. 20

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) .................................................. 20

*Rood v. County of Santa Clara*,
  113 Cal. App. 4th 549 (2003) ................................................. 31

*Spector Motor Service v. McLaughlin*,
  323 U.S. 101 (1944) ............................................................... 19

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ................................................ 19

*Stoner v. eBay Inc.*,
  No. 305660, 2000 WL 1705637 (Cal. Superior Nov. 1, 2000) ............... 33

## TABLE OF AUTHORITIES
### (continued)

Page

*Tre Milano, LLC v. Amazon.com, Inc.*,
  No. B234753, 2012 WL 3594380 (Cal. App. Aug. 22, 2012) ............... 23

*Valley Bank of Nev. v. Plus System., Inc.*,
  914 F.2d 1186 (9th Cir. 1990) ............................................... 14, 15, 40, 42

*Violette v. Shoup*,
  16 Cal. App. 4th 611 (1993) ....................................................... 29, 30, 31

*Viterbi v. Wasserman*,
  191 Cal. App. 4th 927 (Cal App. 2011) ..................................... 23, 24, 25

*Walsh v. Am. Trust*,
  7 Cal. App. 2d 654 (1935) ....................................................................... 30

*Wickham v. Southland Corp.*,
  168 Cal. App. 3d 49 (1985) ............................................................... 30, 31

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ................................................................. 20

STATUTES

17 U.S.C. §§ 101 *et seq.* .................................................................. passim

17 U.S.C. § 109(a) ...................................................................................... 47

47 U.S.C. § 230 ........................................................................................... 33

Cal. Bus. & Prof. Code
  §§ 17200 *et. seq.* ..................................................................................... 49
  § 23025 ..................................................................................................... 23

# TABLE OF AUTHORITIES
### (continued)

**Page**

Cal. Civ. Code
  § 986 ........................................................................................ passim
  § 986(a)(1) .................................................... 8, 17, 34, 37, 38
  § 986(a)(2) ............................................................................... 6
  § 986(a)(3) ........................................................................ 8, 17
  § 986(a)(7) ............................................................................... 6
  § 986(b) ........................................................................... 7, 38
  § 986(c) ................................................................................. 38
  § 986(c)(1) .............................................................................. 6
  § 986(e) ................................................................................. 45
  § 1739.7 ................................................................................ 26
  §§ 1812.600 *et seq* ............................................................. 26
  § 2295 ................................................................................... 29

Cal. Com. Code
  § 2103(1)(d) .......................................................................... 22
  § 2106(1) .............................................................................. 22
  § 2328(2) .............................................................................. 34
  § 2401(2) ......................................................................... 25, 41

Uniform Com. Code § 2-401(2) ......................................... passim

## OTHER AUTHORITIES

Fed. R. App. Proc.
  12(b)(6) .......................................................................... 18, 20
  25(d) ..................................................................................... 53

H.R. Rep. No. 94-1476 (1976)............................................... 48

California Attorney General Opinion No. 02-111 (Apr. 10, 2003),
  *available at* http://www.dbw.ca.gov/ YNS/AGEBay.aspx ..... 3, 28, 33, 34

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee eBay Inc. certifies, through its undersigned counsel, that it has no parent corporation and that no publicly-held corporation owns 10 percent or more of its stock.

Respectfully submitted,

EBAY INC.

*/s/ John C. Dwyer*
John C. Dwyer (136533)
Angela L. Dunning (212047)
Joshua M. Siegel
COOLEY LLP
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155
Tel: (650) 843-5000
Fax: (650) 857-0663

Michael G. Rhodes (116127)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, California 94111
Tel: (415) 693-2000
Fax: (415) 693-2222

Dated: August 2, 2013

**INTRODUCTION**

Plaintiffs-Appellants are two artists and the estates of two other artists who seek to hold eBay Inc. liable for allegedly violating the California Resale Royalties Act, Cal. Civ. Code § 986 (the "CRRA" or the "Act"). Plaintiffs have filed nearly identical actions under the CRRA against two other defendants, Christie's, Inc. and Sotheby's, Inc. (together, the "Auction Houses"; collectively with eBay, "Defendants"), and those cases are similarly before the Court in this consolidated appeal. In ruling on Defendants' motions to dismiss, the district court correctly held that the CRRA violates the Commerce Clause of the United States Constitution and dismissed Plaintiffs' claims with prejudice. That holding should be affirmed. However, dismissal with prejudice was also appropriate as to eBay for a far more basic reason that the district court did not address: the CRRA simply does not apply to eBay. Accordingly, the Court should affirm the dismissal of Plaintiffs' Class Action Complaint ("Complaint") against eBay with prejudice, and it need not reach the constitutional issue to do so.

The CRRA requires sellers of fine art or their agents to pay five percent of the sales price to the artist if the sale meets certain conditions. Although Plaintiffs allege in the most general terms that eBay is both a seller and a

seller's agent insofar as fine art is bought and sold on eBay's website, Plaintiffs are plainly wrong on both counts as a matter of law.

First, eBay is not a seller of fine art. It does not own the items bought and sold on its website, it never takes possession of them, and it has no ability to transfer title to those items. Further, courts have repeatedly and consistently held that eBay is not a seller under California law. Accordingly, Plaintiffs have, not surprisingly, abandoned any argument on appeal that eBay is a "seller" within the meaning of the CRRA. (*See* Plaintiffs' Br. at 9–10.)

Nor is eBay an "agent" of those who sell artwork on its website. eBay provides an online venue – much like classified advertisements in the newspaper – where third-party buyers and sellers come together to negotiate transactions amongst themselves. eBay is not involved in those transactions and has no ability to negotiate or consummate a sale on any seller's behalf. It also does not allow sellers to dictate or control the services it offers, which is the most basic element of any agent/principal relationship. And importantly, the eBay User Agreement – which governs use of eBay's website by sellers and buyers alike – explicitly disclaims any agency relationship between eBay and its users. Accordingly, the very nature of eBay's business, and the clear and unambiguous "No Agency" provision in its User Agreement, demonstrate

2

that "eBay does not act as an 'agent' for either the seller or buyer" in transactions that take place on its website. California Attorney General Opinion No. 02-111 (Apr. 10, 2003), *available at* http://www.dbw.ca.gov/YNS/AGEBay.aspx ("AG Opinion").

As eBay is neither a seller of fine art nor a seller's agent, the CRRA imposes no obligations on eBay, and eBay cannot, as a matter of law, be liable thereunder. Accordingly, the district court properly dismissed the claims against eBay with prejudice, and this Court should affirm the judgment of the district court.

Affirmance of the ruling below is also appropriate for two additional reasons. First, as the district court properly concluded, the CRRA violates the Commerce Clause. The CRRA purports to regulate both fine art sales occurring in California and sales that are made in other states by California residents. Both kinds of sales are among the millions that take place on eBay's website every day, as the online nature of eBay's marketplace allows sellers and buyers to negotiate and consummate transactions anywhere in the country (and the world). Under well settled United States Supreme Court precedent cited by the district court and Defendants below, states may not regulate transactions that occur outside their borders (even when their

residents are involved), and the CRRA is invalid to the extent it purports to do so. Moreover, contrary to Plaintiffs' argument, the offending statutory language providing for extraterritorial application of the CRRA is not severable as the California legislature rejected a version of the statute that would have applied only to sales taking place in California out of concern that the art market would flee the state. Indeed, as the district court explained: "Were the Court merely to sever the extraterritorial provisions of the statute, it would create a law that the legislature clearly never intended . . . ." (ER-000024.)[1] Accordingly, the district court properly struck down the entire statute as unconstitutional.

Finally, the CRRA is preempted by the Copyright Act of 1976. Under the "first sale" doctrine, an artist relinquishes any and all rights to a particular tangible embodiment of a work of art once he or she sells or gives it to another. The CRRA directly conflicts with this fundamental tenet of federal copyright law by purporting to vest the artist (and his or her heirs and assigns) with unwaivable royalty rights in works of fine art that persist throughout the artist's life and beyond. Stated another way, the CRRA purports to give

---

[1] Unless otherwise stated, references herein to "ER-____" are to Appellants' Excerpts of Record; references to "¶ __" are to the Complaint; all emphases in quotations are added; and all internal citations, quotation marks, and brackets are omitted.

4

artists rights in connection with downstream art sales that Congress has explicitly decided they should not have. Settled principles of conflict preemption thus preclude enforcement of the CRRA.

For each of these reasons, eBay respectfully requests that this Court affirm the district court's order dismissing the Complaint with prejudice.

## ISSUES PRESENTED

(1)    Whether the district court's order dismissing Plaintiffs' claims with prejudice should be affirmed on the ground that the CRRA imposes no obligations on eBay?

(2)    Whether the district court's order dismissing Plaintiffs' claims with prejudice should be affirmed on the ground that the CRRA violates the Commerce Clause of the United States Constitution?

(3)    Whether the district court's order dismissing Plaintiffs' claims with prejudice should be affirmed on the ground that the CRRA is preempted by the Copyright Act of 1976?

## STATEMENT OF RELEVANT FACTS

### I.    THE CALIFORNIA RESALE ROYALTY ACT

The California legislature passed the CRRA in 1976. According to the law's primary sponsor: "While the composer of a musical composition, the

5

screen-writer of a film, and the author of a book, play or television show retain[] a residual interest [in their works], the visual artist is uniquely discriminated against in this regard." (ER-001743.)[2] To address this perceived disparity, the CRRA provides that, "[w]henever a work of fine art is sold and the seller resides in California or the sale takes place in California, the seller or the seller's agent shall pay to the artist of such work . . . 5 percent of the amount of such sale." Cal. Civ. Code § 986(a).

The CRRA requires sellers or their agents to withhold and pay a five percent royalty both on in-state sales of fine art and on out-of-state sales made by California residents. *Id.* "Fine art" is "an original painting, sculpture, or drawing, or an original work of art in glass." *Id.*, § 986(c)(2). To be entitled to a royalty under the CRRA, the "artist" must have created a work of fine art and be a United States citizen living anywhere in the world, or a foreign national residing in California who has resided in the state for at least two years. *Id.*, § 986(c)(1). Royalty rights under the CRRA can also be asserted by an artist's assigns and by his or her heirs for 20 years after the artist's death. *Id.*, § 986(a), (a)(7). And the royalty rights created by the CRRA effectively can never be waived; rather, they "may be waived only by a

---

[2] For a more complete discussion of the legislative history of the CRRA, see the Auction Houses' Answering Brief at pp. 5–7.

contract in writing providing for [a royalty] in excess of 5 percent of the amount of such sale." *Id*., § 986(a).

The CRRA does not apply if, among other things: (1) the gross sales price of the fine art is less than $1,000; (2) the gross sales price of the fine art is less than the price paid by the seller to acquire it; (3) the sale occurs more than 20 years after the death of the artist; or (4) the sale is by an art dealer, within 10 years of the artist selling it to an art dealer, and all intervening sales have been between art dealers. *Id*., § 986(a), (b). Thus, ascertaining whether the CRRA applies requires, at a minimum, information about: (1) the nature of the artwork at issue; (2) the citizenship or residency of the artist; (3) whether the artist is still living or, if deceased, the date of the artist's death; (4) whether the sale was consummated in California; (5) whether, if the sale occurred out-of-state, the seller is a resident of California; (6) the gross sales price of the art; (7) the price paid by the seller for the art; (8) whether the seller is an art dealer; and, if so, (9) whether all intervening sales of the artwork have been amongst art dealers; and (10) whether the sale is taking place within 10 years from the original sale by the artist.

If all of the statutory criteria for application of the CRRA are satisfied, the seller is required to remit the five percent royalty to the artist within 90

7

days. *Id.*, § 986(a)(2). Alternatively, when a qualifying sale of fine art is made by a seller's agent, rather than the seller directly, the agent is required to withhold the five percent royalty from the sale proceeds, and find and pay the artist. *Id.*, § 986(a)(1). If the seller or seller's agent is unable to locate and pay the artist before the 90-day deadline expires, then the seller or seller's agent is instead to pay the five percent royalty to the California Arts Council. *Id.*, § 986(a)(2). Where a seller or seller's agent fails to make a royalty payment required under the CRRA, the artist may file an action for damages within three years of the sale or one year after the discovery of the sale, whichever is longer. *Id.*, § 986(a)(3).

## II. THE PARTIES

### A. eBay

eBay Inc. is a Delaware corporation headquartered in San Jose, California. (ER-001825 ¶ 6.) eBay operates a website (www.ebay.com) that serves as a venue "where practically anyone can buy and sell practically anything." (ER-001746.) Before an individual or entity can buy or sell products listed on eBay's website, they must register an account with eBay

and agree to the terms of eBay's User Agreement. (ER-001749.)[3] Among other things, the User Agreement provides that eBay is "not a traditional auctioneer. Instead, our sites are venues to allow anyone to offer, sell, and buy just about anything, at anytime, from anywhere, in a variety of pricing formats," including both fixed price and auction-style. (ER-001752.) The User Agreement goes on to explain that eBay is "not involved in the actual transaction between buyers and sellers" and does "not transfer legal ownership of items from the seller to the buyer." (*Id.*) Rather, the User Agreement makes clear that "the transfer of ownership" takes place "between the buyer and seller," and that "California Commercial Code § 2401(2) and Uniform Commercial Code § 2-401(2) appl[y] to the transfer of ownership between the buyer and the seller." (ER-001752–53.)[4]

The User Agreement also contains a "No Agency" provision, which explicitly provides that eBay does not operate as an agent of either the seller or the buyer: "No agency . . . relationship is intended or created by this Agreement." (ER-001754.) Rather, eBay's website functions much like the

_____

[3] Plaintiffs cite to eBay's User Agreement repeatedly in their Brief. (*See, e.g.*, pp. 12 & 40 n.10.)

[4] Those sections both provide in relevant part that "title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods . . . ."

classified advertisements section of a newspaper; it provides a venue where millions of buyers and sellers can find each other and engage in transactions directly with one another.  (ER-001752.)

After agreeing to the terms of the User Agreement, sellers may list an item for sale.  To do so, sellers must select a category for their item (*e.g*., "Fashion Jewelry"); complete an online form describing the item they wish to sell; post pictures of the item if they so choose; and select the period of time during which the item will be listed for sale, the method by which they want to sell their item (*e.g*., fixed price or auction-style) and the method by which they want the buyer to pay for the item (*e.g*., credit card).  (ER-001758–59.) By listing an item for sale, sellers "assume full responsibility for the content of the listing and item offered."  (ER-001753.)

The User Agreement makes clear that, other than providing a venue, eBay has no control over the items that are listed and sold on its website: "[W]e have no control over and do not guarantee the quality, safety or legality of items advertised, the truth or accuracy of users' content or listings, the ability of sellers to sell items, [or] the ability of buyers to pay for items . . . ." (ER-001752.)   And importantly, eBay does not own the items, take possession of the items, or inspect the items.  (ER-001758–59.)   The

10

exchange of money takes place directly between the seller and the buyer and, when the items are bought and paid for, the buyer and seller make arrangements among themselves for shipment or delivery.  (ER-001749.)

### B.    Plaintiffs-Appellants

This action is brought by four named plaintiffs ("Plaintiffs" or "Plaintiffs-Appellants") on behalf of themselves and a putative class of similarly situated persons.  The first two named Plaintiffs, the Sam Francis Foundation and the Estate of Robert Graham, each claim to be "the heir, legatee and/or personal representative" of an artist.  (ER-001825 ¶¶ 2–3.) The third is Chuck Close, an artist living in New York.  (ER-001825 ¶ 4.) And the fourth, Laddie John Dill, claims to be an artist living in California. (ER-001825 ¶ 5.)[5]

### III.    PLAINTIFFS' ALLEGATIONS

The Complaint asserts two claims against eBay: one for violating the CRRA, and one for violating California's Unfair Competition Law ("UCL"). (ER-001830–31 ¶¶ 26, 33.)  The UCL claim is predicated solely on eBay's

---

[5] The same plaintiffs also filed separate actions in the district court against Christie's, Inc. (Case No. 2:11-cv-8605-JNH-FFM) and Sotheby's, Inc. (Case No. 2:11-cv-8604-JHN-FFM), asserting virtually identical claims.  Plaintiffs have likewise appealed the dismissal of those claims to this Court, and those appeals have been consolidated with Plaintiffs' appeal in this case.  (See Dkt. No. 13.)

alleged violation of the CRRA and is entirely dependent on the CRRA claim. (ER-001831 ¶ 35.)

The Complaint's allegations directed at eBay are limited principally to three paragraphs:

- "Through auctions taking place in California during the class periods, eBay sold works of Fine Art . . . created by U.S. citizen artists . . . [and] sold and acted as the agent on behalf of California sellers in connection with some of the foregoing auctions." (ER-001826 ¶ 10.)

- "eBay was required [under the CRRA] to withhold at the time of the auction or sale, and then pay to the artist (or the agent or estate thereof) within 90 days, five percent of the amount of such sales . . . ." (*Id.* ¶ 11.)

- "eBay failed and refused to pay the Royalty owed to plaintiffs and class members, and also failed and refused to apprise plaintiffs and class members when a Fine Art sale occurred that would entitle class members to the Royalty due." (*Id.* ¶ 12.)

Purportedly to redress this alleged conduct, Plaintiffs seek royalties and interest, restitution, punitive damages, attorneys' fees and injunctive relief against eBay on behalf of two subclasses: (1) those artists who allegedly should have received a royalty from eBay under the CRRA within three years of the filing of this action (*i.e.*, on or after October 18, 2008); and (2) those artists who allegedly are entitled to a royalty from eBay under the CRRA in connection with sales that took place before October 18, 2008 of which eBay never informed them. (ER-001827 ¶ 15.)

## IV.  THE DISTRICT COURT'S DISMISSAL ORDER

On January 12, 2012, eBay moved to dismiss the Complaint on the grounds, among others, that: (1) the CRRA does not impose any obligations on eBay as it is neither a seller of fine art nor a seller's agent; (2) the CRRA violates the Commerce Clause; and (3) the CRRA is preempted by the Copyright Act of 1976.[6]  The Auction Houses also moved to dismiss the complaints against them on Commerce Clause and copyright preemption grounds, among others.  On May 17, 2012, the district court (the Honorable Jacqueline H. Nguyen, United States Circuit Judge, sitting by designation) granted eBay's motion and dismissed the Complaint with prejudice on the ground that the CRRA violates the Commerce Clause.  (ER-000026–27 (Order); ER-000005–06 (Judgment).)[7]

---

[6] eBay also moved to dismiss on the grounds that: (1) even assuming the CRRA applies to eBay, the Complaint fails to plead facts sufficient to establish that eBay violated the CRRA; and (2) if enforced, the royalty payment required under the CRRA would constitute an unlawful taking under the Fifth Amendment.  (*See* ER-001766–98.)  The district court did not consider or rule on these arguments, Plaintiffs have not raised them on appeal, and eBay expressly reserves them in the event this case is remanded to the district court for further proceedings.

[7] Judge Nguyen's well-reasoned analysis in support of the dismissal order as to eBay is set out in her order dismissing Plaintiffs' claims against Sotheby's and Christie's.  (ER-000007–25; ER-000027.)

13

As a threshold matter, the district court found that the CRRA implicates the dormant Commerce Clause.  The district court explained that the CRRA regulates works of fine art in interstate commerce (insofar as "works of fine art [subject to the CRRA] are sold from one state into another") and is an "economic regulation" that "substantially affects" interstate commerce.  (ER-000015–17.)  Accordingly, the court found "little doubt" that Congress could regulate the activity in question under the powers afforded it by the Commerce Clause.  (ER-000017.)

Next, using the "two-tiered approach" described in *Valley Bank of Nevada v. Plus System, Inc*., 914 F.2d 1186 (9th Cir. 1990), the district court analyzed whether the CRRA violates the dormant Commerce Clause.  (ER-0000018–22.)  Under the *Valley Bank* test, "[w]hen a statute directly regulates or discriminates against interstate commerce . . . [it is] generally struck down . . . without further inquiry," and the court need not apply the second prong of the test.  914 F.2d at 1189 (quoting *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 579 (1986)).  The district court ruled that the CRRA fails the first prong of the test (and therefore violates the Commerce Clause per se) insofar as it directly regulates sales of fine art occurring outside of California:

14

> [T]he CRRA explicitly regulates applicable sales of fine art occurring wholly outside California. Under its clear terms, the CRRA regulates transactions occurring anywhere in the United States, so long as the seller resides in California. Even the artist – the intended beneficiary of the CRRA – does not have to be a citizen of, or reside in, California.

(ER-0000019; *see also id.* (citing *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989) ("[A] statute that directly controls commerce occurring wholly outside the boundaries of a State exceeds the inherent limits of the enacting State's authority and is invalid regardless of whether the statute's extraterritorial reach was intended by the legislature.")).)

Finally, the district court held that, although the CRRA contains a severance provision whereby the invalidity of any provision of the CRRA "shall not affect any other provisions," the offending portions of the CRRA cannot be severed. (*Id.*) Judge Nguyen noted that severing unlawful statutory provisions is appropriate "[u]nless it is evident that the Legislature would not have enacted those provisions which are within its powers, independently of that which is not." (ER-0000023 (citing *Nat'l Collegiate Athletic Ass'n v. Miller ("NCAA")*, 10 F.3d 633, 640 (9th Cir. 1993)).) In the case of the CRRA, the district court found, based on a review of the legislative history, that the California legislature deliberately rejected a version of the CRRA that would have applied only to sales occurring in California out of concern that

restricting the CRRA's scope in that manner would harm the State's art market. (ER-0000023–24.) Accordingly, the district court concluded that "the California legislature 'would not have enacted' the CRRA without its extraterritorial reach," and that the CRRA must be struck down in its entirety. (ER-0000024 (quoting *Buckley v. Valeo*, 424 U.S. 1, 108–09 (1976) (*per curiam*)).)

Having concluded that the CRRA is invalid under the Commerce Clause, the district court dismissed Plaintiffs' claims with prejudice and entered judgment for eBay. (ER-000005–06; ER-000026–27.) Judge Nguyen did not address or decide eBay's separate arguments that the CRRA does not apply to eBay and that the CRRA is preempted by the Copyright Act.

## SUMMARY OF THE ARGUMENT

This Court may affirm the district court's order on any ground apparent from the record. Here, the district court properly dismissed the Complaint with prejudice on the ground that the CRRA violates the Commerce Clause. That decision is sound in all respects, and this Court should affirm it. However, Plaintiffs' claims against eBay would fail even absent the CRRA's constitutional infirmity. Because eBay is neither a seller of fine art nor an agent for those who sell items on its website, the CRRA imposes no

16

obligations on eBay. As a result, eBay cannot be liable under that statute as a matter of law. In keeping with the United States Supreme Court's directive that constitutional issues are to be avoided whenever possible, eBay respectfully submits that the Court should first address and decide this threshold statutory issue, obviating the need to consider whether the CRRA is unconstitutional.

Alternatively, the Court should affirm on the ground that the CRRA violates the Commerce Clause. Plaintiffs readily acknowledge – and the statutory language makes clear – that the CRRA applies to sales of fine art "occurring outside of California." (Plaintiffs' Br. at 29 (citing Cal. Civ. Code § 986(a), (a)(1), (a)(3)).) Under well settled Commerce Clause principles, the CRRA is per se invalid to the extent it seeks to regulate such extraterritorial sales (even where the seller is a California resident). Moreover, the CRRA cannot be rewritten to apply solely to in-state sales as the legislative history demonstrates that the California legislature intentionally avoided that result; it considered a version of the CRRA that would have applied solely to in-state sales, and rejected it. Accordingly, the district court properly declined to rewrite the statute and dismissed Plaintiffs' claims with prejudice.

17

Finally, the Court should affirm the district court's order for a third reason: the CRRA is preempted by the Copyright Act of 1976. Under the first sale doctrine, once an artist disposes of a particular sculpture or painting, he or she loses all rights in connection with the further sale or distribution of that particular sculpture or painting. Indeed, the loss of distribution rights (and the concomitant right to share in any financial gains realized by sellers upon subsequent distributions) was precisely what led the California legislature to enact the CRRA in the first place. However, by imposing a continuing, unwaivable five percent royalty on qualifying sales of fine art made after the initial disposition of the artwork by the artist, the CRRA impermissibly dictates the terms of downstream sales in direct contravention of the first sale doctrine. Accordingly, the CRRA is invalid under well settled principles of conflict preemption, and affirmance of the district court's order is appropriate for this additional reason.

## **ARGUMENT**

### I.   STANDARD OF REVIEW

This Court reviews *de novo* a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). The Court may affirm "on any proper ground [apparent from

the record], even if the district court did not reach the issue or relied on different grounds or reasoning." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998) (citing *Gemtel Corp. v. Cmty Redev. Agency,* 23 F.3d 1542, 1546 (9th Cir. 1994) ("We nevertheless conclude, as defendants urged below, that the complaint was properly dismissed because it failed to state a claim upon which relief could be granted. Although the district court did not reach this issue, we may affirm the district court's dismissal on any ground supported by the record.")).

The United States Supreme Court has long cautioned that constitutional issues are to be avoided whenever possible, including when "the record presents some other ground upon which the case may be disposed of; . . . or if a construction of the statute is fairly possible by which the question may be avoided." *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 569 (1947) (citing *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)); *see also Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable.").

In interpreting a California statute, federal courts must apply California substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

## II. LEGAL STANDARDS GOVERNING eBAY'S MOTION TO DISMISS

A complaint should be dismissed under Rule 12(b)(6) if it fails to state a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). "To avoid dismissal, the complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 875 (9th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, when a complaint asserts a claim based on a statutory violation, it must allege facts sufficient to satisfy each element of the statute at issue. *See, e.g.*, *Life Ins. Co. of N.A. v. Reichardt*, 591 F.2d 499, 502–03 (9th Cir. 1979). In determining whether the complaint does so, the Court need not accept factual allegations based on unwarranted deductions or unreasonable inferences or allegations that contradict materials properly subject to judicial notice. *Twombly*, 550 U.S. at 570; *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009). Conclusory statements, unsupported by well-pleaded factual allegations, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Leave to amend is properly denied where the pleading defects requiring dismissal cannot be cured by further amendment. *Hartmann v. Cal. Dept. of Corrections and Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013).

## III. THE CRRA CLAIM WAS PROPERLY DISMISSED WITH PREJUDICE

Dismissal of Plaintiffs' CRRA claim was appropriate for at least three reasons. First, the CRRA imposes a resale royalty obligation only on the seller of fine art or the seller's agent. Because eBay is neither, the CRRA does not impose any obligations on eBay, and eBay cannot, as a matter of law, have violated that statute. Second, as the district court properly held, the CRRA violates the Commerce Clause of the United States Constitution, and severance of the offending provisions cannot save it. Third, the CRRA is preempted by the federal Copyright Act of 1976. Each of these defects is fatal, and none can be cured through amendment. Accordingly, the district court's order dismissing the Complaint with prejudice was proper and should be affirmed.

### A. The CRRA Imposes No Obligations on eBay

The CRRA requires "the seller [of fine art] or the seller's agent" to pay to the artist a five percent royalty "[w]henever a work of fine art is sold and the seller resides in California or the sale takes place in California." Cal. Civ.

Code § 986(a).  By this lawsuit, Plaintiffs seek to recover royalties that they claim they are owed under the CRRA as a result of the sale of their artwork on eBay.  Plaintiffs assert that eBay was required as a "seller" or seller's "agent" to pay these royalties, that it has failed to do so, and that eBay is liable for damages under the CRRA as a result.  (ER-001826 ¶¶ 10–12.)

The fundamental defect in Plaintiffs' pleading lies in their conclusory and unsupported allegation – belied by eBay's User Agreement and routinely rejected by California courts – that eBay is either a seller or a seller's agent with respect to the transactions that occur on its website.  It categorically is not.  Nor is eBay in a position to "withhold" any funds from sales of fine art that take place on its website, or even to ascertain whether any sale may be subject to the CRRA.  Accordingly, the CRRA does not apply to eBay or impose any obligations on it, and Plaintiffs cannot state a claim against eBay for violation of that statute.

### 1. eBay is not a "seller" of fine art

Under California law, a "seller" is "a person who sells or contracts to sell goods."  Cal. Com. Code § 2103(1)(d).  A "sale" is defined as "the passing of title from the seller to the buyer for a price."  *Id.* § 2106(1).  Thus, to be a seller, one must pass title to goods to a buyer for a price.  *Id.*; *see also*

Cal. Bus. & Prof. Code § 23025 ("'Sell' or 'sale' and 'to sell' includes any transaction whereby, for any consideration, title . . . is transferred from one person to another."); *H.S. Crocker Co. v. McFaddin*, 148 Cal. App. 2d 639, 644 (1957) (holding the "essence" of a sale is the "transfer . . . of the absolute interest in the property"). Where a party does not hold or transfer title, California law (and common sense) dictate that the person is not a seller of the goods in question.

The California Court of Appeals' decision in *Tre Milano, LLC v. Amazon.com, Inc*., No. B234753, 2012 WL 3594380 (Cal. Ct. App. Aug. 22, 2012), is instructive. There, the plaintiff sued Amazon for trademark infringement after Amazon allegedly used plaintiff's mark in describing counterfeit items offered for sale by third parties on Amazon's website. The court held that, although sale of an infringing product can create liability under the Lanham Act, Amazon was not the "seller" of the items in question:

> That Amazon provided the product description and handled the payments did not make it a direct seller of the products . . . . [P]arties who act as intermediaries for a transaction and do not buy and resell the commodities are not direct sellers.

*Id*. at *12.

Similarly, in *Viterbi v. Wasserman*, 191 Cal. App. 4th 927 (2011), plaintiff investors sued their former investment advisor for failing to disclose,

allegedly in violation of California securities laws, that a limited liability company in which they invested at the advisor's urging had granted an exclusive license on its intellectual property to another entity. In affirming nonsuit on plaintiffs' claim for rescission of their investment, the court held that rescission is available only against a "seller," *i.e.*, one who is "in privity of contract with the purchaser." *Id.* at 937. It also noted that sellers do not include anyone "beyond [those] who pass title and persons who offer" securities for sale. *Id.* at 939 (quoting *Pinter v. Dahl*, 486 U.S. 622, 650 (1988)). Finally, it concluded that the defendant was not a seller and that plaintiffs were not entitled to rescission because "Wasserman never owned the securities, did not sell them to plaintiffs, and did not receive money from plaintiffs. Wasserman cannot return money she never received or rescind a transaction to which she was not a party." *Id.* at 938.

Here, Plaintiffs cannot allege that eBay is a seller of fine art under the CRRA. As discussed above, eBay provides a platform in which buyers and sellers come together to buy and sell a wide array of products and services. eBay never takes possession, custody or control of the items listed by sellers on its website (whether fine art or otherwise) and does not hold title to those items. (ER-001752.) Moreover, the eBay User Agreement, which all eBay

users must accept prior to using eBay's service, specifically provides that eBay does "not transfer legal ownership of items from the seller to the buyer." (*Id.*) Although the CRRA does not define "seller," it is clear from the common understanding of the term and the California statutes and cases cited above that eBay is no more a seller of the fine art sold on its website than the *Los Angeles Times* is the seller of a bicycle advertised in its classifieds section. eBay simply cannot sell what it does not own.

Moreover, eBay's User Agreement specifically provides that sales transacted on eBay's website are governed by Section 2401(2) of the California Commercial Code and Section 2-401(2) of the Uniform Commercial Code ("UCC"). (ER-001752.) Both provide that title passes to the buyer "at the time and place at which the seller completes his performance with reference to the physical delivery of the goods." Cal. Com. Code § 2401(2); UCC § 2-401(2). eBay's User Agreement states that the sellers who use eBay's website – not eBay – are required to "deliver [the] items" they sell. (ER-001749.) Because eBay does not deliver (and plays no role in delivering) the goods that are sold on its website, it cannot transfer title to them under California law or the UCC, and it cannot be a seller for purposes of the CRRA.

25

In light of the foregoing authorities, it should come as no surprise that every California tribunal to consider the issue has concluded, without reservation, that eBay is not a seller of the items listed on its website. For instance, in *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816 (2002), individuals who allegedly had purchased forged autographed sports items listed on eBay brought suit, alleging that eBay had violated California Civil Code section 1739.7 by failing to furnish them with a certificate of authenticity, and that the same alleged conduct stated a claim for negligence and unfair competition under the UCL. *Id.* at 823–24. The trial court granted eBay's demurrer with prejudice and dismissed the action. The California Court of Appeal affirmed, stating: "eBay is not in the business of selling or offering to sell the collectibles at issue; rather, it is the individual defendants who sold the items to plaintiffs, using eBay as a venue." *Id.* at 827.

The same conclusion was reached by Judge Ware of the Northern District of California in *Butler v. eBay, Inc.*, No. 5:06-cv-02704-JW (N.D. Cal. Dec. 12, 2006) (ER-000318–25). There, the court held that eBay was not an auctioneer or auction company and, thus, was not subject to the California Auction Act, Cal. Civ. Code §§ 1812.600 *et seq.* ("Auction Act"). *Id.* Notably, in reaching that conclusion and dismissing the plaintiffs' claim with

prejudice, the court found that the transactions occurring on eBay's website do not involve eBay, and that eBay is not the "seller" in those transactions:

> [T]he seller is in control of the sale, not eBay, though eBay may provide the internet software to assist the seller with his selection of "allotted" time for bidding. Thus, the sale transaction is between the seller and the bidder.

(ER-000323.)

In *Ewert v. eBay, Inc*., No. C-07-02198 RMW, 2008 WL 906162 (N.D. Cal. Mar. 31, 2008), Judge Whyte of the Northern District also had occasion to consider and reject allegations that eBay violated the Auction Act. Among other notable findings, the court found that: (1) "[u]nder the [eBay] business model, eBay never takes possession of goods being sold and never makes representations as to value"; (2) "eBay does not conduct auctions within the meaning of the Auction Act because the sale does not culminate by acceptance by the auctioneer of the highest offer but rather at the expiration of the fixed period designated by the seller"; (3) eBay does not make "auction sales"; and (4) "an eBay customer's use of the eBay site to list goods for sale is not an auction under the Auction Act." *Id.* at *1–2. Accordingly, the court dismissed the plaintiffs' Auction Act claim against eBay with prejudice.

Finally, in 2003, the California Attorney General ("AG") was asked to opine whether the purchase and sale of previously owned yachts listed on

eBay's website required it to be licensed as a yacht broker under the California Yacht and Ship Brokers Act ("Yacht Act"). *See* AG Opinion, *available at* http://www.dbw.ca.gov/YNS/AGEBay.aspx. In concluding that the Yacht Act does not apply to eBay, the AG considered and rejected any suggestion that eBay is a "seller" of the yachts listed on its website:

> We have little doubt that <u>eBay does not sell or offer to sell or buy or offer to buy, on behalf of another or others, any of the items, including pre-owned yachts, listed on its website</u>. Rather, sellers and buyers, not eBay, initiate and directly control the selling and buying process. eBay does not select or describe any of the items offered for sale on its website and does not set or determine any of the payment, shipping or delivery terms that may be required by the seller. Nor does eBay decide the price a buyer may be willing to pay for an item or see, inspect, examine, possess, place into inventory, purchase or take title to any listed item at any time.

*Id.*

In sum, Plaintiffs' conclusory allegation that eBay "sold works of Fine Art" on its website (ER-001826 ¶ 10), finds no support in the facts or the law. Indeed, although eBay extensively briefed this issue below, Plaintiffs have never identified any conceivable factual basis – nor can they – to support their untenable legal conclusion that eBay is a seller within the meaning of the CRRA. *See Iqbal*, 556 U.S. 664 (holding that conclusions, unsupported by well-pleaded factual allegations, "are not entitled to the assumption of truth").

To the contrary, Plaintiffs appear to have entirely abandoned this argument on appeal. (*See* Plaintiffs' Br. at 9 ("Plaintiffs sue because defendants, as seller's agents, breached the Act's requirement that they withhold 5% from the sales proceeds of the sales they conducted in California and/or on behalf of California sellers . . . .").) Accordingly, Plaintiffs cannot state a claim under the CRRA based on eBay's alleged status as a seller of fine art.

### 2. eBay is not a seller's "agent"

Nor does eBay qualify as a seller's agent under the CRRA.

Under California law, an "agent" is "one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. "The chief characteristic of the agency [relationship] is that of representation, the authority [of the agent] to act for and in the place of the principal for the purpose of bringing him or her into legal relations with third parties." *Violette v. Shoup*, 16 Cal. App. 4th 611, 620 (1993). Accordingly, to establish the existence of an agency relationship, a plaintiff must plead and prove that: (1) the agent has the power to alter legal relations between the principal and third persons, and between the principal and himself; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with

respect to matters entrusted to him. *Palomares v. Bear Sterns Residential Mortg. Corp.*, No. 07-cv-1899 WQH (BLM), 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008) (citing *Garlock Sealing Tech. LLC v. NAK Sealing Tech. Corp.*, 148 Cal. App. 4th 937, 965 (2007)); *see also Violette*, 16 Cal. App. 4th at 620 ("The significant test of an agency relationship is the principal's right to control the activities of the agent."); *ING Bank, FSB v. Chang Seob Ahn*, 758 F. Supp. 2d 936, 941 (N.D. Cal. 2010) ("The control that gives rise to agency is comprehensive, immediate, and day-to-day . . . .").

In California, "[t]he law indulges no presumption that an agency exists but instead presumes that a person is acting for himself and not as the agent for another." *ING Bank*, 758 F. Supp. 2d at 941–42 (quoting *Walsh v. Am. Trust*, 7 Cal. App. 2d 654, 659 (1935)). "Whether the relationship between parties to a written agreement is that of principal and agent . . . is dependent upon the intention of the parties determined from the writing and the accompanying circumstances." *Wickham v. Southland Corp.*, 168 Cal. App. 3d 49, 56 (1985); *see also Miller v. London Props.*, No. F058531, 2010 WL 3312636, at *7 (Cal. Ct. App. Aug. 24, 2010) ("primary test for the creation of an agency is the intention of the principal to employ the agent to act on behalf of the principal in dealing with third persons as the principal's

representative, and the agent's intention to accept the employment"). "There is no agency relationship in the absence of such intent by both parties." *Miller*, 2010 WL 3312636, at *7.

"[A]gency determination[s can] be made as a matter of law" if "the essential facts are not in conflict." *Wickham*, 168 Cal. App. 3d at 55; *see also Violette*, 16 Cal. App. 4th at 619 (affirming summary judgment on grounds that no agency existed and explaining that agency determinations can be made as a matter of law by the court when "the evidence is susceptible of but a single inference"); *Miller*, 2010 WL 3312636, at *6 ("To the extent that the facts are not in dispute and the evidence is susceptible to but a single inference, the agency determination becomes a question of law for the court.") (citing *van't Rood v. County of Santa Clara*, 113 Cal. App. 4th 549, 562 (2003)); *ING Bank*, 758 F. Supp. 2d at 941 (same).

Here, it is clear that eBay does not function as an agent for those who sell goods on its website. The User Agreement between eBay and its users defines their relationship and states explicitly in a section titled "No Agency" that eBay is not an agent for buyers or sellers: "[n]o agency . . . relationship is intended or created by this agreement." (ER-001754.) In California, agreements disclaiming the formation of an agency relationship are entitled to

substantial deference. *See, e.g.*, *Miller*, 2010 WL 3312636, at *8 ("Considering the importance that the law of agency attaches to the intentions of the parties in the creation of an agency relationship, we have no difficulty in concluding there was substantial evidence to support the trial court's 'no agency' finding, based on the written documents clearly disclosing that fact."); *Lonely Maiden Prods. v. Goldentree Asset Mgmt, LP*, 201 Cal. App. 4th 368, 378 (2011) (finding no agency relationship existed when service agreement specifically disclaimed an agency relationship, plaintiffs "offered no extrinsic evidence or analysis regarding ambiguity or the meaning of the [disclaimer] language," and the disclaimer "language [was] not reasonably susceptible to the [plaintiffs'] interpretation").

Moreover, nothing in the User Agreement gives eBay the power to control or alter the legal relationship between the seller and the buyer with respect to the sale of an item, makes eBay a fiduciary of a seller, or gives sellers any right to control eBay's conduct. To the contrary, the User Agreement makes clear that: (1) sellers "assume full responsibility for the content of the listing and item offered"; (2) eBay is "not involved in the actual transaction between buyers and sellers"; and (3) eBay has no control over the items that are listed and sold on its website: "[W]e have no control over and

32

do not guarantee the quality, safety or legality of items advertised, the truth or accuracy of users' content or listings, [or] the ability of sellers to sell items . . . ." (ER-001752.)[8] Accordingly, the California AG has explicitly determined that "eBay does not act as an agent for either the seller or buyer . . . ." AG Opinion, *available at* http://www.dbw.ca.gov/YNS/AGEBay.aspx. The reason is simple: "eBay does not sell or offer to sell or buy or offer to buy, on behalf of another or others, any of the items . . . listed on its website. Rather, sellers and buyers, not eBay, initiate and directly control the selling and buying process." *Id.*

That eBay is not an agent within the meaning of the CRRA becomes all the more clear when one considers the types of agents specifically enumerated in the statute as required to withhold the five percent royalty. Agents for sellers include auction houses, as well as galleries, brokers, dealers, and

---

[8] As a provider of an "interactive computer service" within the meaning of Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("CDA"), eBay bears no responsibility for the content that third parties post on its website. *See, e.g., Gentry*, 99 Cal. App. 4th at 831–33; *Stoner v. eBay Inc.*, No. 305660, 2000 WL 1705637, at *3 (Cal. Super. Ct. Nov. 1, 2000) (rejecting claim that eBay was liable under California law for the sale of bootleg and other infringing sound recordings on its website and stating: "A principal objective of the [CDA's] immunity provision is to encourage commerce over the Internet by ensuring that interactive computer service providers are not held responsible for how third parties use their services").

33

museums. Cal. Civ. Code § 986(a)(1). Plaintiffs do not allege (nor could they) that eBay is a gallery, broker, dealer or museum. Moreover, the online services eBay provides are fundamentally different from those provided by a traditional auction house or auction company. Again, it is the seller (not eBay) who possesses the item, invites offers by listing an item for sale (either in an auction-style or fixed price format), determines when the bidding is over, and handles shipment or delivery to the buyer. (ER-001752.) *See, e.g., Ewert*, 2008 WL 906162, at *1–*2 (eBay is not an "auction company" and "does not conduct 'auctions' within the meaning of the Auction Act because there is no auctioneer who makes a series of invitations for offers" and because "the sale does not culminate by acceptance by the auctioneer of the highest offer but rather at the expiration of the fixed period designated by the seller"); *cf.* UCC § 2-328(2) and Cal. Com. Code § 2328(2) (both specifying that, in an auction, a bid is accepted "when the auctioneer so announces by the fall of the hammer or in other customary manner"). Accordingly, the statutory language only serves to undermine, rather than support, Plaintiffs' allegation that eBay is an "agent" within the meaning of the CRRA.

Finally, the Complaint is devoid of any facts even remotely suggesting that eBay serves as an agent for those who sell items on its website. Plaintiffs

do not identify – nor will they ever be able to identify – a single seller (or alleged principal) for whom eBay is supposed to have acted as agent, a single transaction in which it allegedly performed that role, or a single writing or other form of evidence suggesting that: (1) eBay has consented to act on behalf of any seller; (2) eBay has the power to alter relations between any seller and any buyer; (3) eBay is a fiduciary of any seller; or (4) any seller has the right to control eBay's conduct. Rather, the Complaint contains only the bare legal conclusion that eBay is "the agent" of sellers in connection with unidentified auctions. (ER-001826.) As a result, Plaintiffs' agency allegations should not even be considered. *See Iqbal*, 556 U.S. at 664 (conclusions "are not entitled to the assumption of truth"); *Jajco, Inc. v. Leader Drug Stores, Inc.*, No. C 12-05703 PJH, 2013 WL 875957, at *2 (N.D. Cal. Mar. 7, 2013), slip copy (holding plaintiff's allegations of agency did not satisfy *Iqbal* because the complaint made "only conclusory agency and alter ego allegations" that defendants "were an . . . agent"); *Doe v. Nestle, S.A.*, 748 F. Supp. 2d 1057, 1113 (C.D. Cal. 2010) (dismissing complaint alleging agency because "plaintiffs have not alleged any facts" from which an agency "may be plausibly inferred" and, "[a]bsent such allegations, there is no agency relationship").

35

In light of the explicit "No Agency" provision in the User Agreement, the undisputed nature of eBay's services, and the unambiguous California authority establishing that eBay does not serve as an agent for those who sell items on its website, eBay is not a "seller's agent" for purposes of the CRRA. As a result, the obligations of that statute simply do not apply to eBay.

> **3.** **Application of the CRRA to eBay does not make sense as eBay cannot "withhold" the five percent royalty from sales proceeds that it never receives**

The fact that eBay is not a seller or seller's agent under the CRRA becomes even more clear when one considers the obligations the CRRA seeks to impose. To borrow a phrase from Judge Whyte, "Plaintiff's attempt to place eBay's conduct within the scope of the [CRRA] is like trying to put a round peg in a square hole." *Ewert*, 2008 WL 906162, at *1.

The CRRA requires sellers to pay five percent of the proceeds from the sale of fine art directly to the artist. Cal. Civ. Code § 986(a). Because eBay is not a seller, however, it never receives the proceeds of the sales that take place on its website. It is impossible for eBay to pay a royalty on a sale of fine art from sales proceeds that it never receives.

Alternatively, the only obligation the CRRA imposes on a seller's agent is to "withhold" the royalty and pay it to the artist. Cal. Civ. Code §

986(a)(1). If the purported agent never possesses the funds, it cannot withhold any portion thereof, and the CRRA, by its terms, would impose no obligation on such a person.[9] Such is the case here. As the User Agreement makes clear, eBay is "not involved in the actual transaction between buyers and sellers." (ER-001752.) Once a buyer and seller reach agreement on a transaction, the buyer sends payment for the purchase directly to the seller. (*Id.*) Accordingly, eBay cannot withhold any royalty on the sale of fine art because it never receives the funds from which the royalty must be withheld and paid. *Cf. Ewert*, 2008 WL 906162, *2 (holding that the Auction Act does not apply to eBay because, among other reasons, its requirement of "posting of an 18 x 24 inch sign at the entrance to the auction" would be "nonsensical" if applied to eBay).

In fact, because eBay plays no role in the transactions on its website, it has no way to determine whether the CRRA would apply to any particular sale. For example, if a seller lists artwork for sale without specifying whether the artwork is an original or copy, eBay would have no basis upon which to make a judgment about the applicability of the CRRA to that sale as it never

---

[9] The result might be different if the CRRA required sellers' agents to "obtain" or "collect" the royalty amount from the seller or required agents to require sellers to deposit such amounts with them as a condition of their relationship. However, the CRRA does not impose any such obligations.

possesses the artwork and cannot inspect it. Even if the seller does provide such information, eBay would have no way of verifying its accuracy. Similarly, eBay has no means of determining whether the seller is the original artist, whether the seller is an art dealer, whether the seller acquired the artwork from an art dealer, whether all intervening sales have been among art dealers, whether the original sale took place less than 10 years earlier, or whether the seller is selling the work for more than she originally paid for it. *See* Cal. Civ. Code § 986(b), (c). These sorts of facts are, however, presumably within the possession of the sellers and the auction houses, galleries, dealers, brokers and museums who act as agents for sellers. *Id.*, § 986(a)(1).

In sum, the payment and withholding obligations set forth in the CRRA simply make no sense when applied to eBay because it is neither a "seller" nor the "agent" of a seller. As such, Plaintiffs cannot state a claim against eBay for violating any provision of that statute. And because this fatal defect cannot be cured by amendment, the Court should affirm the dismissal of Plaintiffs' CRRA claim with prejudice.

### B. The CRRA Violates the Commerce Clause of the United States Constitution

Even if Plaintiffs could allege that eBay is a seller or seller's agent within the meaning of the CRRA (they cannot), Plaintiffs' claims were properly dismissed as the CRRA runs afoul of the restrictions placed on the states by the Commerce Clause of the U.S. Constitution.[10]

### 1. The CRRA impermissibly regulates interstate commerce

For over 160 years, "it has been clear that the Commerce Clause . . . is a limitation upon the power of the States." *Great Atl. & Pac. Tea Co., Inc. v. Cottrell*, 424 U.S. 366, 370-71 (1976) (citing *Cooley v. Board of Wardens*, 12 How. 299 (1852)). To prevent burdens on interstate commerce, it is axiomatic that, no matter how noble the state's intentions, no state may regulate beyond its borders. The Supreme Court has held that "a statute that directly controls commerce occurring wholly outside the boundaries of a State

---

[10] The Auction Houses have filed a separate Answering Brief, discussing in detail why the district court's conclusion that the CRRA is invalid under the Commerce Clause was correct, and why Plaintiffs' new tax-based arguments, even if they could properly be considered for the first time on appeal, are inapposite and unavailing. eBay agrees with the Auction Houses' arguments. eBay includes the following abbreviated discussion in its own Answering Brief not to duplicate the arguments so aptly made by the Auction Houses, but to demonstrate that the CRRA is equally infirm under the Commerce Clause as applied to eBay.

exceeds the inherent limits of the enacting State's authority and is invalid regardless of whether the statute's extraterritorial reach was intended by the legislature." *Healy*, 491 U.S. at 336.

In cases involving state economic regulations, like the CRRA, the Supreme Court has prescribed a "two-tiered approach" to determine whether the regulation exceeds the state's authority under the Commerce Clause.[11] Under this approach, the reviewing court first asks whether the challenged statute "directly regulates interstate commerce." *NCAA*, 10 F.3d at 638. "Direct regulation occurs when a state law directly affects transactions that take place across state lines or entirely outside of the state's borders." *Valley Bank*, 914 F.2d at 1189–90. In such cases, the statute at issue is "invalid per se," *id.*, and the court "must strike it down without further inquiry." *NCAA*, 10 F.3d at 638.

Here, there can be no legitimate dispute that the CRRA directly regulates interstate commerce. By its plain language, the CRRA applies to sales of fine art that take place anywhere in the country (or the world) so long

_____

[11] In light of the district court's thorough analysis (ER-000015–17), Plaintiffs have abandoned any argument on appeal that the CRRA does not implicate the Commerce Clause, and instead argue in their Brief merely that the CRRA does not <u>violate</u> the Commerce Clause. (*See, e.g.*, Plaintiffs' Br. at 18 (asserting that the CRRA "comports fully with the Commerce Clause").)

as "the seller resides in California." Cal. Civ. Code § 986(a). In fact, nothing must happen in California for the CRRA to apply.

For instance, if a California resident purchases a piece of fine art at a gallery in New York, lists it for sale in the classifieds section of the *New York Times*, finds a New York buyer, and ships it from a post office in Manhattan to the buyer's home in the Bronx, that sale would clearly take place in New York. N.Y. UCC LAW § 2-401(2); Cal. Com. Code § 2401(2); UCC § 2-401(2) (all providing that a "sale" occurs "at the time <u>and place</u> at which the seller completes his performance with reference to the physical delivery of the goods").[12] The result is no different if the same seller instead lists the item on eBay rather than in the *New York Times*; the sale occurs in New York if that is where the seller completes delivery of the artwork. *Id.* (*See also* Plaintiffs' Br. at 40 (acknowledging that artwork sold on eBay will sometimes be shipped from outside California and that such sales "do not take place in California").) However, in both instances, the CRRA purports to regulate the

---

[12] Under these statutes, if the contract between the buyer and the seller provides that the seller will <u>ship</u> the item to the buyer, delivery is complete (and title passes) at the time and place of shipment. If the contract provides that the seller will <u>deliver</u> the item to the buyer, then delivery is complete (and title passes) at the time and place of delivery. Cal. Com. Code § 2401(2); UCC § 2-401(2); N.Y. UCC LAW § 2-401(2). Either way, the sale in this example takes place in New York, not California.

sale – which takes place outside of California – merely because the seller is a California resident. Cal. Civ. Code § 986(a). And this would be true even if the artist and buyer had no connection to California, the artwork had never been in California, the buyer had no intent to ever bring the artwork to California, and no part of the sales process (listing, contract negotiation, payment, or shipping) occurred in California. Accordingly, sales transactions regulated by the CRRA clearly include those that "take place across state lines or entirely outside of the state's borders." *Valley Bank*, 914 F.2d at 1189–90. The CRRA is per se invalid insofar as it purports to directly (and explicitly) regulate these extraterritorial sales. *Id.*

## 2. The CRRA cannot be upheld as a tax law

Unable to distinguish these controlling authorities, Plaintiffs largely ignore them. Instead, Plaintiffs advance an entirely new argument for the first time on appeal, namely, that the CRRA imposes a "levy" comparable to a use tax. (Plaintiffs' Br. at 18–38.) Based on this tax analogy, Plaintiffs argue that eBay's California residency is sufficient to require it to collect CRRA royalties for out-of-state sales. As discussed more fully at pages 31–53 of the Auction Houses' Answering Brief, Plaintiffs are wrong for several reasons.

First, Plaintiffs' new tax arguments are waived. They failed to raise these issues below, the district court was denied an opportunity to pass on them, and this Court should decline to consider them now. *See, e.g.*, *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

Second, the royalty required under the CRRA is not a tax, and it is certainly not akin to a use tax. Although the "essential feature of any tax" is that "it produces . . . some revenue for the Government," *Nat'l Fed'n. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2594 (2012), the CRRA mandates payments not to the government, but to "private parties," including U.S. citizen artists with no connection whatsoever to California. (ER-000481–82.) Moreover, unlike a use tax, which may be imposed by a state only where the item purchased will be used in that state, *Nat'l Geographic Soc'y v. Cal. Bd. of Equalization*, 430 U.S. 551, 561–62 (1977), the CRRA impermissibly imposes a royalty on the sale of fine art by California-resident sellers, no matter where in the country that art is to be shipped, displayed or used by the buyer. Just as states are precluded from imposing sales taxes on transactions that occur outside their borders (*see* Auction Houses' Answering Brief at 36–41), California has no authority to impose a "use" tax on the sale of goods

that are not to be used in California. *Nat'l Geographic Soc'y* 430 U.S. at 561–62; *Miller Bros. Co. v. Maryland*, 347 U.S. 340, 344 (1954).

Third, as California can neither impose a sales tax on out-of-state fine art sales nor impose a use tax on fine art sold into other jurisdictions, the royalty imposed by the CRRA would be invalid even if it were akin to a sales or use tax (which it is not). And because no one can be compelled to withhold or pay an invalid tax that the legislature was without authority to impose in the first place, it is irrelevant that eBay is headquartered in California and subject to California law. *See Nat'l Geographic*, 430 U.S. at 560–62 (explaining that a state cannot require a third party to collect an invalid tax, even if that party would otherwise have a sufficient nexus with the taxing state); *Miller Bros.*, 347 U.S. at 346 (rejecting claim that Delaware retailer should be required to collect invalid Maryland use tax by virtue of retailer's presence in Maryland). Thus, even if the CRRA royalty could be considered a tax or levy, it is invalid under the Commerce Clause to the extent it purports to impose such a levy on the out-of-state sales or use of fine art.[13]

---

[13] Given that the royalty on extraterritorial sales provided for by the CRRA clearly is not a tax, that it would be invalid even if it were a tax, and that eBay has no obligation to collect an invalid tax, Plaintiffs' reliance on *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977), is nonsensical and merits little discussion. Suffice to say here that, contrary to Plaintiffs' arguments,

### 3.    The district court correctly ruled that the CRRA's extraterritorial provisions cannot be severed

Upon finding that the extraterritorial provisions of the CRRA are per se invalid, the district court properly and carefully considered whether severing the "offending portions" of the statute and enforcing the remainder would be consistent with California law and the intent of the legislature.  (ER-000022–24.)  As Judge Nguyen correctly concluded, severance simply is not possible.

Although the CRRA contains an express severability clause (ER-000022 (citing Cal. Civ. Code § 986(e))), such clauses should not be given effect if "it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not." *NCAA*, 10 F.3d at 640.  Here, the legislative history reveals – and it is undisputed by Plaintiffs – that the legislature "abandoned the initial version of the CRRA that purported to regulate <u>only</u> sales that took place <u>in</u> California." (ER-000023.)  Indeed, the legislature chose not to enact a proposed California-sales-only law after being warned that, as drafted, the bill would

---

sales transacted on eBay from outside of California lack a "substantial nexus" with California (even if California sellers are involved) because the activity at issue (the sale) takes place entirely outside the state where the item sold is shipped to or delivered to a state other than California.  *Id.* at 279 (explaining that the relevant "nexus" is between the taxed "activity" and the "taxing state," rather than the state's nexus with the person required to pay the tax). (*See also* Auction Houses' Answering Br. at 45–53.)

effectively destroy California's art market insofar as it would "encourage sellers to consign works to dealers and auction houses outside California, since it can only apply to California sales." (ER-000577–78; *see also* ER 577, 605–06, 837 (expressing concern regarding impact of intra-state-only regulation on California art market). Accordingly, as the district court recognized, the CRRA's out-of-state provision is not "volitionally separable" because that provision was "of critical importance to the measure's enactment" and it would not have been enacted without it. *Hotel Employees & Rest. Employees Int'l Union v. Davis*, 21 Cal. 4th 585, 613 (Cal. 1999). Because severing the extraterritorial portions of the statute would "create a law that the legislature clearly never intended," the district court properly declined to rewrite the statute and dismissed Plaintiffs' CRRA claims in their entirety. (ER-000024.) This Court should affirm.

## C.     The CRRA Is Preempted by the Copyright Act of 1976

Affirmance of the district court's order dismissing Plaintiffs' CRRA claim against eBay is warranted for yet another reason: it is preempted by the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act").

The Copyright Act sets forth a "national, uniform copyright law" that was expressly intended to "broadly pre-empt[] state statutory and common-

law copyright regulation." *Cmty for Creative Non-Violence v. Reid*, 490 U.S. 730, 740–41 (1989). In attempting to balance the interests of creators with the interests of the public, Congress created a "first sale" provision in the Copyright Act, which provides that "the owner of a particular copy . . . is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy . . . ." 17 U.S.C. § 109(a). Thus, the first sale provision mandates that "once the copyright owner places a copyrighted item in the stream of commerce . . . he has exhausted his exclusive statutory right to control its distribution." *Quality King Distribs., Inc. v. L'anza Research Int'l, Inc.*, 523 U.S. 135, 152 (1998); *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351, 1366 (2013) (rejecting as "absurd" the argument that "the copyright owner can exercise downstream control" after the first sale).

The effect of the first sale doctrine is not merely to strip the copyright owner of the ability to prevent further distributions of copies she has sold to others. Rather, once the copyright owner has disposed of a particular copy, she relinquishes <u>all rights</u> to that particular copy. *See Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*, 474 F.3d 365, 373 (6th Cir. 2007) ("The first sale doctrine . . . provides that once a copyright owner consents to release a

47

copy of a work to an individual (by sale, gift, or otherwise), the copyright owner relinquishes all rights to that particular copy."); *Parfums Givenchy, Inc. v. C&C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1389 (C.D. Cal. 1993) (holding that "the copyright owner is entitled to realize <u>no more and no less than the full value of each copy or phonorecord upon its disposition</u>"); H.R. Rep. No. 94-1476, at 62 (1976) (explaining that "the copyright owner's rights . . . cease with respect to a particular copy or phonorecord once he has parted with ownership of it"); *see also id.* at 79 ("[T]he outright sale of an authorized copy of a book frees it from any copyright control over its resale price or other conditions of its future disposition.").

The CRRA directly contravenes the first sale doctrine by statutorily vesting artists with rights that go beyond "the full value of each copy . . . upon its disposition." *Parfums Givenchy*, 832 F. Supp. at 1389. It provides artists with a continuing, unwaivable right to continue receiving royalties from sellers and sellers' agents long after the artist has disposed of the work. As such, it places restraints and conditions on the sale and distribution of fine art that Congress has explicitly held should not be imposed. It also vests artists with rights in future distributions of their art that the Supreme Court has held

are "exhausted" upon the first sale of the art. *Quality King,* 523 U.S. at 152.[14]

Because it is not possible for both the first sale doctrine and the CRRA to

apply to the resale of fine art, the CRRA "conflicts with federal law" and

"stands as an obstacle to the accomplishment and execution of the full

purposes and objectives of Congress in enacting" the Copyright Act.

*Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007). Accordingly,

the CRRA is preempted by the Copyright Act.

## IV. PLAINTIFFS' UCL CLAIM WAS PROPERLY DISMISSED WITH PREJUDICE AS IT IS PURELY DERIVATIVE OF THEIR DEFECTIVE CRRA CLAIM

Plaintiffs also assert a claim against eBay under the UCL, Cal. Bus. &

Prof. Code §§ 17200 *et. seq.* As the Complaint makes clear, the UCL claim is

completely derivative of Plaintiffs' CRRA claim: "The instant [UCL] claim is

predicated on eBay's willful failure to comply with the [California Resale

Royalties] Act." (ER-001831 ¶ 35.) Because the Complaint fails to plead –

and Plaintiffs cannot plead – a violation of the CRRA as set forth above, the

---

[14] This Court's ruling in *Morseburg v. Balyon*, 621 F.2d 972 (9th Cir. 1980), is distinguishable for at least two reasons. First, it concerned the 1909 Copyright Act, not the Copyright Act of 1976, and the Court explicitly stated that its decision should not be construed to apply to the 1976 Act. *Id*. at 975. Second, the Court's decision pre-dated subsequent decisions that have defined the more expansive scope of the first sale doctrine, including the United States Supreme Court's decisions in *Quality King* and *Kirtsaeng*.

UCL claim also fails as a matter of law. *Metro Publ'g, Ltd. v. San Jose Mercury News, Inc.*, 861 F. Supp. 870, 881 (N.D. Cal. 1994) (dismissing UCL claim as underlying claims were dismissed).

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should affirm the district court's Order and Judgment dismissing the Complaint with prejudice.

Dated: August 2, 2013         Respectfully submitted,

COOLEY LLP

*/s/ John C. Dwyer*
John C. Dwyer (136533)
Angela L. Dunning (212047)
Joshua M. Siegel
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155
Tel: (650) 843-5000
Fax: (650) 857-0663

Michael G. Rhodes (116127)
101 California Street, 5th Floor
San Francisco, California 94111
Tel: (415) 693-2000
Fax: (415) 693-2222

*Attorneys for Defendant-Appellee*
eBay Inc.

## <u>STATEMENT OF RELATED CASES</u>

In accordance with Ninth Circuit Rule 28-2.6, Appellee eBay Inc. states that it is not aware of any related cases with the meaning of the Rule, other than the cases that are consolidated in this appeal.

Respectfully submitted,

EBAY INC.

*/s/ John C. Dwyer*
John C. Dwyer (136533)
Angela L. Dunning (212047)
Joshua M. Siegel
COOLEY LLP
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155
Tel: (650) 843-5000
Fax: (650) 857-0663

Michael G. Rhodes (116127)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, California 94111
Tel: (415) 693-2000
Fax: (415) 693-2222

Dated: August 2, 2013

**CERTIFICATE OF COMPLIANCE
PURSUANT TO FED. R. APP. P. 32(a)(7)(C)**

I, Angela L. Dunning, hereby certify that, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), the foregoing DEFENDANT-APPELLEE EBAY INC.'S ANSWERING BRIEF is proportionately spaced, has a typeface of 14 points or more using Microsoft Word Times New Roman font, and contains less than 10,700 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

Dated: August 2, 2013          By:     */s/ Angela L. Dunning*
                                       Angela L. Dunning
                                       COOLEY LLP
                                       Five Palo Alto Square, 4th Floor
                                       3000 El Camino Real
                                       Palo Alto, CA 94306-2155
                                       Tel: (650) 843-5000

**CERTIFICATE OF SERVICE**

I, Angela L. Dunning, hereby certify pursuant to Federal Rule of Appellate Procedure 25-5(g) that I electronically filed the foregoing DEFENDANT-APPELLEE EBAY INC.'S ANSWERING BRIEF with the Clerk of the Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 2, 2013. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 2, 2013          By:    */s/ Angela L. Dunning*
                                       Angela L. Dunning
                                       COOLEY LLP
                                       Five Palo Alto Square, 4th Floor
                                       3000 El Camino Real
                                       Palo Alto, CA 94306-2155
                                       Tel: (650) 843-5000